# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:05CR220-1-V |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH WAYNE GRAGG, | ) | DEFENDANT'S SENTENCING |
| Defendant. | ) | MEMORANDUM; MOTION FOR |
| | ) | DOWNWARD DEPARTURE; |
| | ) | MOTION FOR VARIANCE |
| | ) | FROM SENTENCING |
| | ) | GUIDELINE RANGE |

NOW COMES Defendant KENNETH WAYNE GRAGG, by and through undersigned counsel, and respectfully submits this Sentencing Memorandum, Motion for Downward Departure and Motion for Variance from Sentencing Guideline Range to this Honorable Court on behalf of Defendant who **will be sentenced on August 7, 2007**. Defendant moves for a Downward Departure pursuant to U.S.S.G. Sections 5H1.4, 5K2.0, or, in the alternative, for a variance from the sentencing range called for by the guidelines and instead a sentence based on the other factors set out in 18 U.S.C. Section 3553(a) including, but not limited to, sentence entrapment or sentence manipulation due to government agents actions.

1. **Sentencing Options after <u>Koon</u>, <u>Booker</u> and <u>Rita</u>.**

    The options available to a sentencing court are predicated upon the sentencing principles set out by the United States Supreme Court in <u>Koon v. U.S.</u>, 518 U.S. 81 (1996), <u>U.S. v. Booker</u>, 543 U.S. 220 (2005) and <u>Rita v. U.S.</u> (Decided June 21, 2007). These decisions make it abundantly clear that the United States Sentencing Guidelines are <u>only</u> advisory and are <u>not</u> mandatory. It is appropriate for the sentencing

court to consider <u>any</u> factor which may be mitigating in nature, in order to grant a variance from the guidelines recommendation which results in a reasonable sentence pursuant to the considerations set out in 18 U.S.C. §3553(a), especially those in (a)(2).

After <u>Booker</u>, the sentencing court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." *Id.* Section (a)(2) has been referred to by some as the "parsimony provision" whose purpose is to result in the minimum sentence which produces a "just sentence." This is the guide post for post <u>Booker</u> sentencing. In <u>Rita</u> the Supreme Court noted "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." <u>Rita</u> does not assume that "the Guidelines sentence is reasonable," but sets out the parsimony provision of 18 U.S.C. §3553 (a)(2) as the basis for <u>appellate</u> review of reasonableness.

Because the sentencing guidelines are no longer binding on the sentencing court, "courts need not justify a sentence outside the 'heartland'" of other cases. <u>U.S. v. Ranum</u>, 353 F.Supp.2d 984,987 (E.D.Wis., 2005). Or as noted in <u>U.S. v. Trujillo-Terrazas</u>, 405 F.3d 814,819 (10th Cir. 2005), "…district courts now have more discretion to tailor sentences to the individual circumstances of a defendant."

The sentencing court may now consider even those mitigating factors that the now advisory guidelines once prohibited or mad irrelevant, including, but not limited to, drug abuse and addiction. (See concession by Solicitor General in oral arguments in <u>Rita</u> on February 20, 2007. Transcript at pages 26, 27, 34-35.) "Under <u>Booker</u> a judge can give weight to factors that the Commission had previously decided should not have weight…" "<u>Booker</u> had already dictated that sentencing judges have freedom to impose a sentence that disagrees with the Commission's findings." Post <u>Rita</u> in <u>U.S.v. Sachsenmaier</u>, 2007

WL 1839282,4 (7th Cir. 2007), it is held that "the district court must calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately must sentence based on 18 U.S.C. §3553(a) without any thumb on the scale favoring a guidelines sentence."

Or, as it is put in U.S. v. Pickett, 475 F.3d 1347 (D.C.Cir. 2007), "A sentencing judge cannot simply presume that a Guidelines sentence is the correct sentence. To do so would be to take a step in the direction of returning to the pre-Booker regime" As the Sixth Circuit held post-Booker and pre-Rita, "…to hold that a sentence within a proper Guidelines range is per-se reasonable…would effectively re-institute mandatory adherence to the Guidelines." U.S.v. McBride, 434 F.3d 470 (6th Cir. 2005).

What Koon, Booker and Rita establish is that sentencing is not mechanical and it is impossible to make it scientific. Therefore, sentencing is an act of reason that in the end must involve the exercise of judgment and discretion. Succinctly, the sentencing court is to consider all of the options available to it in exercising its judgment and discretion to impose a sentence that is sufficient, but not greater than necessary, in complying with the purposes of sentencing laid out in 18 U.S.C §3553(a).

**2.    Some mitigation factors to be considered for a variance or downward departure in sentencing Kenneth Wayne Gragg .**

The Court may consider any factor that might justify a variance or downward departure. There are several factors that the Court is encouraged to consider in the Defendant's case. Some of those are set out below:

a)    Defendant's history of convictions generally flows from his drug addiction.

b) Defendant has pled guilty to the drug counts in his Bill of Indictment.

c) The guideline range with the Section 851 enhancement is clearly excessive.

d) Defendant was subjected to outrageous conduct on the part of government agents which violated his due process rights and resulted in sentencing manipulation or sentencing entrapment.

e) The disparity in sentencing ratios between cocaine and crack cocaine.

It is clear from the trial testimony and the Presentence Report that Mr. Gragg has a long term addiction to cocaine which dates back to 1983 or 1984. It is also significant that when the cooperating witnesses (or government agents) set out to get Mr. Gragg to sell controlled substances to them that they knew about his addiction to crack cocaine (they contacted him through another known drug addict). They manipulated Mr. Gragg in their purchases from him by requesting methamphetamine in exchange for cocaine. In the first buy instead of providing Mr. Gragg with cocaine, they gave him cash. Mr. Gragg was not known to carry firearms in his drug transactions, but, in the second transaction, the government agents requested that he also bring a firearm as part of the exchange and they asked him to meet them near a school. These government agents knew that all of their outrageous actions would result in an enhanced sentence for the Defendant.

It is clear from the trial testimony that Mr. Gragg had no actual control over the type of drug that the government agents demanded in return for the cocaine which they would provide to this cocaine addict. These government agents were able to literally call the shots as to the amount and kind of drug that they would exchange for the cocaine. As

a result, this Court is allowed to grant a variance or downward departure. See U.S. v. Chalarca, 95 F.3d 239, 245 (2nd Cir. 1996) and U.S. v. Jaber, 362 F. Supp.2d 365 (D. Mass. 2005).

The sentencing ratios between powder cocaine and crack cocaine are scheduled to change in November, 2007. Federal courts, post-Booker, have already approved of this variance in various circuits. See U.S. v. Pickett, 475 F.3d 1347 (D.C.Cir. 2007), U.S. v. Gunter, 462 F.3d 237 (3rd Cir. 2006) and U.S. v. Williams, 435 F.3d 1350 (11th Cir. 2006). This Court may exercise its discretion in granting a variance or downward departure to a reasonable ratio between powder and crack cocaine.

The Defendant's only prior conviction is a conviction for Conspiracy to Possess with Intent to Distribute Cocaine before this Court in 1996 when he had already been a long term cocaine addict. To enhance Mr. Gragg's sentence, pursuant to 18 U.S.C. §851, due to this one prior conviction as an addict, is clearly excessive and goes beyond the factors for sentencing set out in 18 U.S.C. 3553(a). Mr. Gragg is not so much a career drug dealer as he is a drug addict of long standing and the Court has the ability to recognize this in reducing his sentence accordingly.

The Court may also factor into this equation the fact that the Defendant pled guilty to three (3) counts relative to drug dealing in his Bill of Indictment. Doing this denotes his acceptance of responsibility regarding his actions and would normally result in at least a three (3) level reduction of his Total Offense Level at sentencing. This presents an additional basis for a reduction in his sentence.

In U.S. v.Searcy, 233 F.3d 1096, 1099 (8th Cir. 2000), it is held that "This case demonstrates that the Sentencing Guidelines have a 'terrifying capacity for escalation of a

defendant's sentence' as a result of government misconduct." Also see U.S. v. Montoya, 62 F.3d 1, 3-4 (1st Cir. 1995). In the matter before this Court the government agents clearly enticed a known drug addict into trading methamphetamine for cocaine (the very drug he is addicted to) clearly to result in an enhancement of his sentence. The government agents tried to do the transaction near a school where the only purpose for such an action on the government's part would be to cause an enhancement in Mr. Gragg's sentence. Even though the Defendant was not known to carry a firearm in relation to his drug purchasing activity to support his habit, he was cajoled, by the government agents, into bringing a firearm (apparently from his parents' house) to this transaction. This can only result in at least a five (5) year additional consecutive sentence and the government agents clearly knew that. Mr. Gragg was essentially at the mercy of these government agents in trying to maintain his addictive need for cocaine and these government agents manipulated his need in a way which would result in a sentencing enhancement. The facts in this case are clearly distinguishable from the two (2) published Fourth Circuit Court of Appeals opinions [U.S. v. Jones, 18 F.3d 1145 (4th Cir. 1994) and U.S. v. Ramos, 462 F.3d 329 (4th Cir. 2006)] that firmly establish such a defense to the these charges or, alternatively, create the basis for the Court to remedy the government's actions by granting a sentence reduction through a variance or downward departure.

     As was noted above, the United States Supreme Court in Koon, Booker and Rita has granted considerable leeway to sentencing courts in considering and applying any and every mitigating factor that is reasonable in reducing a guidelines sentence and still being

in compliance with the sentencing enumerated in 18 U.S.C. §3553(a). The Defendant requests that this Court follow that directive.

Respectfully submitted,

August 6, 2007

s/ James Gronquist
NC Bar No. 9590
Attorney for Defendant
Nixon, Park, Gronquist & Foster
101 N. McDowell Street, Suite 126
Charlotte, NC 28204
Phone 704-347-1809
Fax 704-347-0292
**E-mail: gronqlaw@bellsouth.net**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above **DEFENDANT'S SENTENCING MEMORANDUM; MOTION FOR DOWNWARD DEPARTURE; MOTION FOR VARIANCE FROM SENTENCING GUIDELINE RANGE** has been duly served on the attorney listed below by e-mail service through ECF or, if necessary, by placing the same in an envelope addressed as follows and placing it in a U.S. Mail depository on this date:

Gretchen C.F. Shappert
United States Attorney
227 W. Trade Street, 17th Floor
Charlotte, NC 28202

August 6, 2007

s/ James Gronquist
NC State Bar #22717
Nixon, Park, Gronquist & Foster
101 N. McDowell Street, Suite 126
Charlotte, NC 28204
Ph (704) 347-1809
Fax (704) 347-0292
E-mail: gronqlaw@bellsouth.net