UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 5:05CR220-V |
| | ) | |
| v. | ) | **GOVERNMENT'S OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION** |
| | ) | **TO WITHDRAW GUILTY PLEAS** |
| **(1) KENNETH WAYNE GRAGG** | ) | |
| | ) | |

NOW COMES, the United States of America, by and through Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, and hereby responds to Defendant's motion to withdraw his guilty pleas in this case. For the reasons stated herein, the Government submits the Defendant has failed to meet his burden to establish a fair and just reason to withdraw his pleas and contends that this motion should be denied.

## PROCEDURAL HISTORY

On July 25, 2005 a federal Grand Jury sitting in the Western District of North Carolina returned an Indictment charging Defendant Kenneth Wayne with two counts of possession with intent to distribute methamphetamine, one count of unlawful possession of a firearm and ammunition by a convicted felon and one count of possessing a firearm during a drug trafficking offense. On that same date, the United States filed a Notice of Intention to Seek Enhanced Penalties, referencing Defendant's prior federal drug conviction. On March 15, 2006, immediately prior to the commencement of his jury trial, Defendant entered guilty pleas to Counts 1, 2 and 3 of the Bill of Indictment. He then proceeded to trial and was convicted on Count 4 of the Bill of Indictment.

During the Rule 11 proceeding on March 15, 2006 for counts 1, 2 and 3, Defendant was

-1-

fully apprized of the charges in the Bill of Indictment and the maximum penalty for each charge. Defendant admitted to the District Court Judge that he understood the charges against him and the penalties he faced. Defendant further affirmatively answered that he was aware of the elements of the crimes alleged and needed no further explanation from the Court. Defendant's attorney also acknowledged that he had fully explained the charges and maximum penalties to Defendant, as well as the elements which the Government would be required to prove if the cases went to trial.

Subsequently, Defendant was questioned extensively concerning his understanding of how the Sentencing Guidelines might affect his sentence. Defendant agreed that if the sentence was more severe than he expected or the Court did not accept the government's sentencing recommendation, he would still be bound to his plea and have no right to withdraw it.

Following the complete inquiry required by Rule 11, Defendant remained firm in his commitment to enter a pleas of guilty. Accordingly, this Court found the pleas to have been knowingly and voluntarily entered.

By letter dated August 28, 2006, Defendant filed an instant motion to withdraw his guilty pleas. In that same letter, Defendant also requested that he be appointed new counsel. Consequently, the government filed a Response in Opposition to Defendant's Motion to Strike his guilty pleas. Since, the government's response motion was filed, the court granted and Defendant has obtained new counsel. Accordingly, new counsel has filed Defendant's second motion to withdraw guilty pleas.

# ARGUMENT

Rule 32(e) of the Federal Rules of Criminal Procedure provides in pertinent part: "[i]f a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." The burden of demonstrating a "fair and just reason" rests with the defendant. See United States v. McClinton, 733 F. Supp. 1020, 1022 (D.N.C. 1990).

In determining whether the defendant has met this burden, the Fourth Circuit Court of Appeals articulated six factors which the District Court should consider in determining whether a Defendant has met his burden in establishing a fair and just reason for the withdrawal of a plea of guilty:

> (1) whether the Defendant has offered credible evidence that his pleas was not knowing or not voluntary;
>
> (2) whether the Defendant has credibly asserted his legal innocence;
>
> (3) whether there has been a delay between the entering of the plea and the filing of the motion
>
> (4) whether Defendant has had close assistance of competent counsel;
>
> (5) whether withdrawal will cause prejudice to the government; and
>
> (6) whether the withdrawal of the plea will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F. 2d 245, 248 (4th Cir. 1991). The district court's evaluation of theses factors and the decision on whether a defendant has met his burden in establishing a justification for the withdrawal of a guilty plea is reviewed by the Court of Appeals under the abuse of discretion standard. United States v. Wilson, 81 F. 3d 1300, 1305 (4th Cir. 1996);

United States v. Lambey, 974 F. 2d 1389, 1393 (4th Cir. 1992 (en banc)).

As a starting point in considering Defendant's second motion, it must be recognized that "it is essential to an orderly working criminal justice system that guilty pleas tendered and accepted in conformity with Rule 11 **can be presumed final."** United States v. Sparks, 67 F.3d 1145, 1153 (4th Cir. 1995). (Emphasis added). Thus, Defendant bears a heavy burden to demonstrate a legitimate basis for the withdrawal of the guilty pleas made in conformity with Rule 11.

Accordingly, the most significant of the Moore Factors for the Court's consideration of whether Defendant should be permitted "to upset settled systematic expectations" are whether Defendant's pleas were knowing and voluntary, whether Defendant as asserted his legal innocence, and whether Defendant has had effective assistance of counsel. Id. The remaining factors are to be used as a counterweight in determining "how heavily the presumption [against withdrawal] should weigh in any given case." Id. For the convenience of the Court, however, the Moore factors will be considered seritam below.

    1. Defendant's Plea of Guilty was Knowing and Voluntary.

In considering the first factor articulated in Moore, that is whether the plea was knowingly and voluntarily entered, the Fourth Circuit Court of Appeals has characterized the fairness of the Rule 11 proceeding as the key to the inquiry. United States v. Wilson, supra, 81 F. 3d at 1306. Accord United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995); United States v. Lambey, supra, 974 F. 2d at 1394. The "relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence" are of primary importance in evaluating this factor. United States v. Wilson, supra, 81 F.3d at 1306; United States v. Reckmeyer, 786 F.2d
-4-

Case 5:05-cr-00220-RLV-CH   Document 47   Filed 08/06/07   Page 4 of 11

1216, 1221 94th Cir. 1986).

In this case, the defendant has offered no evidence, let alone credible evidence, that his plea was other than knowing and voluntary. In fact, at the Rule 11 Proceedings defendant answered in the affirmative to each question the District Court Judge asked concerning Defendant's complete understanding of the charges brought against him. The Rule 11 proceeding's transcript further demonstrates that his plea was knowingly and voluntarily entered. A careful reading of the colloquy indicates that the Defendant understood what he was pleading to, understood the penalties, and voluntarily entered his plea.

Indeed, it is well settled that statements made by Defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of a plea, <u>United States v. DeFusco</u>, 949 F.2d 114, 119 (4th Cir.), <u>cert. denied</u>, 112 S.Ct. 1703 (1991), and that findings by a trial court in accepting a plea "constitute a formidable barrier to its subsequent attack". <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977). <u>See also</u>, <u>Little v. Allsbrook</u>, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984); <u>Via v. Superintendent, Powhattan Correctional Ctr.</u>, 643 F.2d 167, 171 (4th Cir. 1981). Therefore, the government respectfully contends that Defendant has not satisfied the first prong of the <u>Moore</u> test and is bound by the terms of his guilty plea.

2. <u>Defendant has Never Denied His Guilt to the Charges to Which He Pled Guilty</u>

The evidence presented at trial established beyond any question Defendant was guilty of methamphetamine possession with intent to distribute and of possession of a handgun and ammunition by a convicted felon. This Court heard the evidence in the context of Defendant's trial on the related 18 U.S.C. 924 (c) offense, for which the Defendant was convicted.

Defendant has offered no evidence to suggest that he is innocent of any one of the

charges. Accordingly, he has failed to meet his burden in establishing the second Moore factor.

      3. Lengthy Delay Between Entry of Plea and Filing Motion to Withdraw Guilty Pleas

Defendant formally entered his plea of guilty before this Court on March 15, 2006. Defendant did not file his first motion to withdraw his guilty pleas until August 29, 2006, more than five months after he agreed to plead guilty. In that motion Defendant did not offer any legitimate reason why he could not have filed his motion at an earlier date. Furthermore, after this court granted a motion for defendant to withdraw counsel, defendant's new counsel submitted a second motion to withdraw guilty pleas to this court absent any excuse or explanation for this delay.

    The lengthy delay weighs heavily against Defendant's motion. A five month delay far exceeds all but one of the delays noted in reported decisions and which were found to weigh against the Defendant's motion to withdraw a guilty plea. See e.g., United States v. Sparks, supra, 67 F.3d at 1150 (eight-month delay); United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993) (eight-week delay); United States v. Moore, supra, 931 F.2d at 248 (six-week delay). Accordingly, Defendant has failed to meet his burden as to the third Moore factor.

      4. Defendant has had the Benefit of Effective Assistance of Counsel.

    Although Defendant is now represented by new counsel defendant has completely failed to state or suggest one deficiency in the actions or advice provided by his first trained criminal practitioner.

    Defendant argues that on the day of his Rule 11 Proceeding, defense counsel inadequately assisted him in reviewing added discovery. Defendant asserts that his counsel did not accurately explain possible defenses to charges brought against him for trial purposes.

-6-

Therefore, Defendant claims, he may not have entered the guilty pleas during his Rule 11 Proceeding.

In evaluating, an ineffective assistance of counsel claim, the Supreme Court established a two-pronged test. Strickland v. Washington, 466 U.S. 668, 470 (1984). Further, in Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that the Strickland test also applies to challenges to guilty pleas based on ineffective assistance of counsel, as in the instant case. Id. at 58. To prevail under Lockhart, defendant must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and he was prejudiced to the degree that there is "a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." States v. Lambey, supra, 974 F. 2d at 1394; United States v. DeFrietas, 865 F.2d 80, 82 (4th Cir. 1989), quoting from Hill v. Lockhart, 474 U.S. at 57 (1970). Defendant has failed to make either of these showings. Defendant reviewed the added discovery with his counsel the day of the Rule 11 Proceeding and still entered guilty pleas. Moreover, defendant does not identify any possible defenses he may have used nor does he specify the discovery in question. Simply put, Defendant vaguely argues that his defense counsel failed to provide him with information and now he has been a victim of ineffective assistance of Counsel.

Accordingly, Defendant has failed to meet his burden with respect to the fourth Moore factor.

-7-

Case 5:05-cr-00220-RLV-CH   Document 47   Filed 08/06/07   Page 7 of 11

### 5. The Withdrawal of the Plea Will Cause Substantial Prejudice to the Government

Although as noted earlier, prejudice to the Government is one of the least important factors considered by the Court in Moore, in this case the magnitude of the prejudice warrants a brief discussion and special consideration. Defendant has already had the benefit of a jury trial. He was convicted on Count Fourt of the Bill of Indictment, a related 18 U.S.C. 924 © count. There is simply no legitimate or compelling interest to be served by a second jury trial.

If Defendant is permitted to withdraw from his knowing and voluntary decision to plead guilty the government would be greatly prejudiced. The government would then be required to expend resources which could be devoted to other, more compelling cases. Defendant has not, and cannot meet his burden on this factor.

### 6. Inconvenience to the Court and Waste of Judicial Resources

Like prejudice to the Government, this factor is generally considered significant only if a defendant has already established a fair and just reason for the withdrawal of a guilty plea. United States v. Sparks, supra, 67 F.3d at 1153. However, like prejudice, this factor can become significant in its own right because of the facts of the case. Indeed, the Fourth Circuit Court of Appeals has noted that "considerations of judicial economy play a strong part in the determination of whether to permit the withdrawal of a guilty plea." United States v. Wilson, supra, 81 F.3d at 1306.

The courts of the United States are open for the disposition of justice. However, in a case

such as this one, where Defendant has not denied his guilt or raised a colorable defense, further proceedings do in fact constitute an "inconvenience" for the court.  See generally, United States v. Sparks, supra 67 F.3d 1145 (4th Cir. 1995) (because it is essential to the orderly working of the criminal justice system that guilty pleas tendered and accepted in conformity with the Federal Rules of Criminal Procedure can be presumed final, it is Defendant's burden to demonstrate that he should be permitted to withdraw his guilty plea).

Accordingly, under the facts of this case, the Moore factor of judicial economy militates against defendant to withdraw his guilty plea.

### IV.    CONCLUSION

Defendant has failed to meet his burden on any of the factors enunciated in Moore and, thus, has failed to demonstrate a fair and just reason to permit the withdrawal of his pleas of guilty.  Rather, Defendant's claim, made more than five months after the entry of his plea, smack of a desire to avoid the consequences of his serious criminal conduct.  As aptly noted by the Court of Appeals, the timing of Defendant's claims evinces "no more than cold feet brought about by the realization that the guideline application in his pre-sentence report required immediate and significant incarceration."  **This is not a basis for withdrawal of a plea of guilty**.  United States v. Wilson, supra, 81 F.3d at 1309 (emphasis added).

Accordingly, Defendant's motion to withdraw his guilty plea should be denied.

RESPECTFULLY SUBMITTED this day of August 6, 2007.

//S// GRETCHEN C.F. SHAPPERY
UNITED STATES ATTORNEY
NC Bar Number 9460
227 West Trade Street, Suite 1650
Charlotte, NC 28202
704-338-3110 (Direct Line)
704-227-0259 (fax)
gretchen.shappert@usdoj.gov

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 6, 2007, the foregoing Motion was duly served upon the defendant herin by electronic notification using ECF to defendant's attorney or record James Gronquist at gronqlaw@bellsouth.net.

>S// GRETCHEN C.F. SHAPPERY
>UNITED STATES ATTORNEY
>NC Bar Number 9460
>227 West Trade Street, Suite 1650
>Charlotte, NC 28202
>704-338-3110 (Direct Line)
>704-227-0259 (fax)
>gretchen.shappert@usdoj.gov

`