IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV82-1-V
5:05CR220-V

| | |
|---|---|
| KENNETH WAYNE GRAGG,       ) | |
| )                            | |
| Petitioner,            )     | |
| )                            | |
| v.                     )     | **O R D E R** |
| )                            | |
| UNITED STATES OF AMERICA,  ) | |
| )                            | |
| Respondent.            )     | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed July 20, 2009. For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed.

## PROCEDURAL HISTORY

On July 25, 2005, Petitioner was named in a four-count Indictment. Counts One and Two charged Petitioner with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(b). Count Three charged Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Count Four charged Petitioner with knowingly using and carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). On that same day, the Government filed a notice of intent to seek an enhanced penalty pursuant to 21 U.S.C. § 851.

On the day of trial Petitioner pled guilty without the benefit of a plea agreement to Counts One, Two, and Three. Petitioner proceeded to trial on Count Four. At the conclusion of the

evidence, the jury found Petitioner guilty. Five months after his trial Petitioner moved to withdraw his guilty pleas. Following a hearing on his motion, this Court denied the motion and sentenced Petitioner to 240 months imprisonment on Counts One and Two and 120 months imprisonment on Count Three – all to run concurrently. Furthermore, this Court sentenced Petitioner to an additional 60 month sentence to run consecutively for the § 924(c) violation.

On August 27, 2007, Petitioner filed a Notice of Appeal. On appeal Petitioner argued that the theory of constructive possession cannot sustain a § 924(c) conviction and therefore this Court erred in instructing the jury that the jury could find Petitioner guilty if they found that he constructively possessed the .22 caliber handgun. The Fourth Circuit rejected this claim. Petitioner also argued that this Court erred in instructing the jury in the disjunctive when the indictment was worded in the conjunctive. The Fourth Circuit also rejected this claim. Finally, Petitioner argued that this Court erred in denying his Motion to Withdraw his Guilty Pleas. The Fourth Circuit rejected this argument as well. On September 26, 2008, the Fourth Circuit affirmed Petitioner's judgment and conviction and dismissed his appeal. Petitioner did not file a petition for writ of certiorari with the Supreme Court.

On July 20, 2009, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence. In his Motion to Vacate Petitioner argues that this Court erred in imposing a consecutive sentence for his § 924(c) conviction.

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and

the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claim.

## II. **PROCEDURAL BAR**

Petitioner argues that this Court erred in sentencing him to a consecutive 60 month sentence for his § 924(c) violation. More specifically, Petitioner argues that he should have been exempt from the five-year mandatory minimum consecutive sentence because he was already subject to the longer twenty-year minimum sentence for the predicate drug trafficking offense. Petitioner contends that the "except clause"[1] of § 924(c) precludes a sentencing court from imposing an additional term of imprisonment under § 924(c)(1) if that term would be shorter than a greater statutory minimum required by another count of conviction, including the crime underlying the § 924(c)(1) count. In support of his argument, Petitioner cites to a case from the United States Court of Appeals for the Second Circuit. See United States v. Whitley, 529 F.3d 150 (2d Cir. 2008)(holding that the consecutive ten-year minimum sentence for discharge of a firearm did not apply to the defendant who was subject to a fifteen-year minimum sentence for being a felon in possession of a firearm with three prior violent felonies).

Petitioner did not raise this claim on direct review. Claims that could have been, but

---

[1] "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law . . . ." 18 U.S.C. § 924(c)(1)(A).

were not, raised on direct review are procedurally defaulted. In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or must demonstrate a miscarriage of justice[2] would result from a refusal to entertain a collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)(citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Ineffective assistance of counsel may constitute cause for default. See Wright v. Angelone, 151 F.3d 151, 160 & n.5 (4th Cir. 1998)(constitutional ineffective assistance of counsel establishes cause sufficient to excuse procedural default). It appears that Petitioner asserts that his counsel was ineffective for failing to raise this issue. As such, this Court will address Petitioner's claim in an ineffective assistance of counsel context to determine if Petitioner can establish cause for his procedural default.

Ineffective assistance of counsel claims are governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert.

---

[2] In order to establish a miscarriage of justice a petitioner must establish actual innocence. See Murrey v. Carrier, 477 U.S. at 496. Petitioner makes no persuasive substantive argument that would support a finding of actual innocence.

denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner cannot establish that his counsel was ineffective because at a minimum he cannot establish that he was prejudiced. The United States Court of Appeals for the Fourth Circuit rejected the line of reasoning argued by Petitioner in United States v. Studfin, 240 F.3d 415, 422 (2001). In Studfin the Fourth Circuit in analyzed the "except to the extent" language of § 924(c)(1) and held that "we read this language as simply reserving the possibility that another statute or provision might impose a greater minimum consecutive sentencing scheme for a § 924(c) violation, and not as negating the possibility of consecutive sentencing in the circumstances of the present case." Id.[3] As such, had Petitioner's counsel raised this argument, this Court would have rejected it.[4] Consequently, Petitioner cannot establish that he was prejudiced. As Petitioner cannot establish cause to excuse his default of this claim this Court holds that he has procedurally defaulted his claim and it is dismissed.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to review of the claim contained in his

---

[3] In January 2009, the United States Court of Appeals for the Seventh Circuit rejected the Second Circuit's reading of the "except clause;" embraced the majority position; and held that "it would be frivolous to argue that a district court is barred from imposing any sentence at all for a § 924(c)(1) count when some other count of conviction requires a greater mandatory minimum." United States v. Easter, 553 F.3d 519, 527 (7th Cir. 2009).

[4] The Court notes that the case law relied upon by Petitioner, besides being from another circuit, also post-dates his sentencing by almost a year.

5

Motion to Vacate. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to <u>dismiss</u> the instant Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

Signed: July 29, 2009

Richard L. Voorhees
United States District Judge